IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EAGLE PARTS & PRODUCTS, INC.,

   Plaintiff,

  v.

CUSTOM GOLF CAR SUPPLY, INC.,

   Defendant.

CIVIL ACTION FILE

NO. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff Eagle Parts & Products, Inc. ("Eagle" or "Plaintiff"), files this

Complaint for Patent Infringement and Demand for Jury Trial against Defendant

Custom Golf Car Supply, Inc. ("Custom" or "Defendant"), and states as follows:

### THE PARTIES

1.  Eagle is a corporation organized and existing under the laws of the

State of Georgia, having its principal place of business at 1411 Marvin Griffin

Road, Augusta, Georgia  30906.  Eagle is a leading manufacturer and supplier of

parts and accessories for golf carts, which products are sold throughout the United

States.

1

2.     Defendant is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 6365 S. Main St., Salisbury, NC 28147. Defendant may be served by and through its registered agent for service of process, Janet L. Martin, at the above address.

JURISDICTION AND VENUE

3.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285. As a result, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant in this action pursuant to O.C.G.A. § 9-10-91 and federal law on the grounds that, upon information and belief, (i) Defendant transacts business within the State of Georgia; (ii) Defendant has committed acts of patent infringement within or directed toward residents of the State of Georgia; (iii) Defendant's wrongful acts have caused injury within the State of Georgia, and Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods sold, used or consumed or services rendered in this state; (iv) Defendant purposefully directs activities toward residents of the State of Georgia; (v) the causes of action set forth herein arise from or relate to Defendant's

activities in or directed toward the State of Georgia; and/or (vi) the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

5.     More specifically, upon information and belief, Defendant, directly and/or through intermediaries, has shipped, distributed, offered for sale, sold, and/or advertised its infringing products in the United States, the State of Georgia, and the Southern District of Georgia, either directly or indirectly.

6.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

7.     Plaintiff is the owner by assignment of all right, title and interest in and to United States Patent Number Al, entitled "Windshield Fastening Device" ("the '860 Patent").

8.     The application that became the '860 Patent was filed on October 20, 2006, and published on February 22, 2007.

9.     The application that became the '860 Patent was a continuation of an earlier application filed on April 26, 2004, and claimed priority to a provisional application filed on April 23, 2003.

3

10.     The '860 Patent issued on June 3, 2008, after full and fair examination by the United States Patent Office.

11.     A true and correct copy of the '860 Patent is attached hereto as Exhibit A.

12.     Claim 1 of the '860 Patent claims:

> 1. A windshield system comprising: a first windshield portion defining a windshield fastener receiving opening, said windshield fastener receiving opening being a cutout in the first windshield portion; a second windshield portion connected to rotate between: (1) a closed position, in which the second windshield portion is substantially coplanar with the first windshield portion, and (2) an open position, in which the first and second windshield portions are spaced apart from, and co-facing, each other; and a windshield fastener that is adapted for maintaining the second windshield portion in the open position, wherein: at least a portion of the windshield fastener is disposed within the windshield fastener receiving opening.

13.     Claim 14 of the '860 Patent claims:

> 14. A windshield system comprising: a first windshield portion; a second windshield portion connected to rotate between: (1) a closed position, in which the second windshield portion is substantially coplanar with the first windshield portion, and (2) an open position, in which the first and second windshield portions are spaced apart from, and co-facing, each other, the second windshield portion defining a windshield fastener receiving opening, said windshield fastener receiving opening being a cutout in the second windshield portion; and a windshield fastener that is adapted for maintaining the second

4

windshield portion in the closed position, wherein: at least a portion of the windshield fastener is disposed within the windshield fastener receiving opening.

14.    The '860 patent is valid and enforceable.

15.    Since approximately 2006, Eagle has sold, and continues to sell, windshield systems that embody the claims of the '860 Patent.

16.    After the application that became the '860 Patent was filed, Eagle marked its products embodying the '860 patent with the phrase, "Patent Pending".

17.    After the '860 Patent issued, Eagle marked its embodying products with the '860 Patent number.

<u>COUNT I – DIRECT PATENT INFRINGEMENT</u>

18.    Eagle realleges and incorporates by reference the allegations set forth in paragraphs 1-17, above, as if set forth verbatim herein.

19.    Defendant has directly infringed at least independent claim 1 of the '860 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention.  Defendant's infringing products include, without limitation, its series 6100 Acrylic Hinged and 6200 Flex-Fold Hinged Folding Windshields,  including but not limited to model numbers:  6172, 6176, 6177, and 6278, and other similarly designed windshield products incorporating the claimed invention.

5

20.    Defendant's infringing activities are and have been without authority or license from either the inventors or from Eagle.

21.    Eagle has complied with the marking requirements of the patent laws of the United States with respect to products sold by Eagle, including by marking "Patent Pending" on embodying products sold during the pendency of the application which became the '860 patent, and by marking embodying products with the number of the '860 patent once the patent issued.

22.    Defendant has had actual knowledge of the '860 patent since at least as early as the filing of this action.  Upon information and belief, Defendant has had actual knowledge of the '860 patent since it issued on or about June 3, 2008, and had constructive notice of the '860 patent from at or about that same time because Eagle complied with the marking requirements of United States patent law.

23.    Eagle is entitled to recover from Defendant the damages sustained by Eagle as a result of Defendant's infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

24.    Defendant's past and continuing infringement of the '860 Patent has irreparably harmed, and continues irreparably to harm, Eagle.

25.     Defendant's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

PRAYER FOR RELIEF

Eagle respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '860 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the claims of the '860 patent;

C.     An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

D.     That Defendant's infringement be found to be willful, and that the Court award enhanced damages pursuant to 35 U.S.C. § 284;

E.      That this Court declare this to be an exceptional case and award

         Plaintiff its reasonable attorneys' fees and expenses in accordance

         with 35 U.S.C. § 285; and

F.      Any further relief that this Court deems just and proper.

### JURY DEMAND

Eagle hereby demands a trial by jury of all issues so triable.


This 1st day of October, 2014.

JOHN R. B. LONG, P.C.

John R. B. Long
Georgia Bar Number 516133
jlongattorney@aol.com
411 Telfair Street
Augusta, GA  30901
Ph:  (706) 868-8011
Fx:  (706) 868-8041

*Of Counsel:*

Daniel A. Kent
    (*pro hac vice* application pending)
Georgia Bar Number 415110
dan@kentiplit.com
KENT LAW, P.C.
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Ph:  (404) 585-4214
Fx:  (404) 829-2412

Attorneys for Plaintiff
Eagle Parts & Products, Inc.